OPINION OF THE COURT
Harvey Glasser, J.
The defendant, who is charged with sexual abuse in the third degree and endangering the welfare of a child, had previously brought a motion for an order to compel the District Attorney to produce "psychiatric, mental health and/ or special education records” of the complainant, a 14-year-old high school special education student. The motion was finally submitted on October 10,1989.
The defendant argued that he was entitled to such privileged records "where a key prosecution witness has a condi *512 tian which may effect his reliability, credibility, and competency.” The defense’s only basis for believing the complainant has a "mental condition” was the complainant’s enrollment in a special education high school.
By decision and order dated October 24, 1989 (145 Misc 2d 504), this court held that the defendant had not made a sufficient showing to be entitled to access to the complainant’s records. However, to protect the interests of the defendant, the court directed the Board of Education to produce "all psychological and social assessments of the complainant” for an in camera inspection by the court.
The court received and reviewed the following documents: a social history taken in 1983; a social worker evaluation performed in 1989; psychological examinations and evaluations performed in 1983, 1986, 1988 and 1989; and psychiatric evaluations performed in 1988 and 1989.
Though the complainant may have behavioral problems associated with adolescence, this court found no evidence that the complainant has a mental disease or defect or, for that matter, that there is any evidence to which the defendant is entitled. The court found nothing "which was relevant and material to the defendant’s case or which must or should be disclosed to the defendant pursuant to his due process right to a fair trial or pursuant to any other constitutional, statutory or common-law right.” (People v Chambers, 134 Misc 2d 688, 691-692 [Sup Ct, NY County 1987].)
Accordingly, the defendant is denied access to the records in question, which shall remain sealed.